UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LOCAL NO 6 BRICKLAYERS UNION INDIANA PENSION FUND TRUSTEES OF THE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BEST BRICKWASHING, LLC,<br><br>    Defendant. | Case No. 2:19-CV-219 JD |

### OPINION AND ORDER

This case is before the Court on the plaintiffs' Motion for Default Judgment against Defendant Best Brickwashing, LLC. (DE 14.) Best Brickwashing has not responded to the motion. The Court has reviewed the motion and supporting documents and finds that entry of a default judgment against Best Brickwashing is appropriate for the following reasons.

**I. Background**

Best Brickwashing is a signatory to a collective bargaining agreement that requires it to abide by the requirements laid out in certain trust agreements, one of which is to make monthly contributions to employee benefit funds. (DE 15 at 2.) The plaintiffs, Trustees of the Bricklayers Union Local No. 6 of Indiana Health Fund and Welfare Fund and Trustees of the Bricklayers Union Local No. 6 of Indiana Pension Fund ("Welfare Fund" and "Pension Fund"), are fiduciaries of two funds to which Best Brickwashing was supposed to contribute but didn't. (DE 1 at 2–3; DE 15 at 2.) The trust agreements for each fund empowered the plaintiff fiduciaries to create a collection policy to be used whenever an employer like Best Brickwashing was late with

payments or failed to make payments altogether. (DE 1 at 3–4; DE 15 at 2–3.) The collection policy the plaintiffs created requires an employer that is late with its contributions to pay interest at a rate of ten percent per year on the unpaid contributions measured from the due date of the payment. (*Id.*) The employers are also required to pay liquidated damages of ten percent of the contribution amount due on all unpaid contributions. (*Id.*) Additionally, if the delinquent payments are discovered after a payroll audit of the employer, the employer can be required to pay the costs of the audit. (*Id.*) And lastly, under the terms of the collection policy, the fund fiduciaries are entitled to recover attorneys' costs and fees if legal action is required to compel the employer to pay delinquent contributions. (*Id.*)

The fund fiduciaries took legal action against Best Brickwashing after Best Brickwashing failed to pay contributions that were due to the funds for the period between February 1, 2014 and December 31, 2018. (*Id.*) Best Brickwashing specifically failed to pay contributions to the Pension Fund in the amount of $1,207.39 and the Welfare Fund in the amount of $938.51 during that stretch of time. The fund fiduciaries only found out about the amount owed in delinquent payments after conducting an audit of Best Brickwashing's payroll records, which cost the fiduciaries $891. (DE 15 at 3.) Because of the penalties associated with delinquent payments in the funds' collection policy, Best Brickwashing also owed an additional $931.24 to the Pension Fund and $724.37 to the Welfare Fund for liquidated damages and interest over that period. (*Id.*) And finally, the fiduciaries incurred $4,316 in attorneys' costs and fees attempting to get Best Brickwashing to pay the delinquent contributions. (*Id.*) The total amount owed to both funds was thus $9,008.51. (*Id.* at 5.) The fiduciaries and Best Brickwashing subsequently reached an agreement in the form of a proposed consent judgment that allowed Best Brickwashing to pay what it owed in fixed monthly contributions and Best Brickwashing began to make the

payments. However, Best Brickwashing only paid a total of $1,478.36 before defaulting on the remainder of its required payments. (DE 15 at 4.)

The fund fiduciaries then brought this case to collect the remaining amount of money Best Brickwashing owed. (DE 1.) The plaintiffs filed their case on June 17, 2019 and summons was served June 19. (DE 1; 5.) Despite proper service, Best Brickwashing has not appeared in this action. Accordingly, the plaintiffs moved the clerk for an entry of default (DE 6), which the clerk has granted and entered (DE 7). The plaintiffs then filed this present motion for a default judgment, along with sworn statements setting forth the amounts owed, including interest, costs, and attorneys' costs and fees.

## II. Discussion

Federal Rule of Civil Procedure 55 governs the entry of defaults and default judgments. *See Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004). Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *See Wolf Lake Terminals, Inc. v. Mat. Marine Ins. Co.*, 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. *Yong-Qian Sun v. Bd. of Trs.*, 473 F.3d 799, 811 (7th Cir. 2007). The clerk has done so here. (DE 7.) Accordingly, the Court may now enter a default judgment under Rule 55(b)(2). However, the Court must exercise its discretion in doing so. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). A default judgment is justified when "the defaulting party has exhibited a willful refusal to litigate the case properly," as evinced by "a party's continuing disregard for the procedures of

the court" and a "willful choice not to exercise even a minimal level of diligence." *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003).

Here, Best Brickwashing has "exhibited a willful refusal to litigate the case properly," based on its "continuing disregard" and failure to "exercise even a minimal level of diligence." *Id.* The company was served with the summons and complaint, yet it has not appeared or taken any action in this case within a year and a half despite apparently engaging in discussions with the plaintiffs outside of court. Additionally, the defendant is a business and thus not an infant, incapacitated, or in the military. *See, e.g.*, *UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 841 (S.D. Ill. 2006) (listing requirements that a party seeking default judgment must establish before being able to proceed). Under these circumstances, the Court must conclude that Best Brickwashing has made a willful choice not to contest the lawsuit. It is therefore appropriate to enter a default judgment in favor of the fund fiduciaries.

A default judgment establishes as a matter of law that the defendant is liable to the plaintiff for each cause of action in the complaint. *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). All well-pleaded factual allegations of the complaint will be taken as true. *Id.* Thus, the Court takes as true that Best Brickwashing is a signatory to the collective bargaining agreement, is bound by the terms of the trust agreements, failed to make monthly payments as required, and is liable for liquidated damages, interest, and attorneys' costs and fees because of its failures. (DE 1.) The fund fiduciaries have therefore proven they are entitled to judgment in their favor on their complaint.

While the well-pleaded allegations of the complaint with respect to liability are generally taken as true, the amount of damages must still be proved. *Wells*, 688 F.3d at 892. The fund fiduciaries have met their burden in that respect with sworn statements from the fund manager

4

for both funds as well as one of its attorneys that set forth the outstanding amounts due according to the funds' and attorneys' records. (DE 15-1, Declaration of Robert Puza; DE 15-2, Declaration of Paul E. Stoehr.) The affidavits, signed under penalty of perjury satisfy the fund fiduciaries' burden at this stage, *O'Brien*, 998 F.2d at 1404, so the Court finds that the fund fiduciaries are entitled to a judgment of default and to recover the amounts set forth in their exhibits.

Ledbetter Parisi LLC has billed for attorneys' fees in the amount of $3,916 and costs in the amount of $400. (DE 15-2.) The attorney's fees are based on time dedicated to reviewing, preparing, and prosecuting this case, with extra time required because of Best Brickwashing's initial refusal to cooperate with the payroll audit the plaintiffs sought. (*Id.*) Best Brickwashing has not suggested that any charges are unreasonable. And a challenger's failure to present any evidence challenging the fee applicant's request "is essentially a concession that the attorney's billing rate is reasonable and should be awarded." *People Who Care v. Rockford Bd. Educ., Sch. Dist. 205*, 90 F.3d 1307, 1313 (7th Cir. 1996). The Court independently concludes that the fund fiduciaries have met their burden in proving that their billables are reasonable for the services rendered in successfully litigating this action. *See, e.g.*, *Pickett v. Sheridan Health Care Center*, 664 F.3d 632, 639–40 (7th Cir. 2011).

### III. Conclusion

For those reasons, the Court GRANTS the motion for default judgment (DE 14). It is therefore ORDERED that a Final Judgment be and is hereby entered in favor of the Plaintiffs, Trustees of the Bricklayers Union Local No. 6 of Indiana Health Fund and Welfare Fund and Trustees of the Bricklayers Union Local No. 6 of Indiana Pension Fund in the amount of $7,530.15.

SO ORDERED.

ENTERED: March 22, 2021

                                                    /s/ JON E. DEGUILIO  
                                                    Chief Judge  
                                                    United States District Court